8/3/2021 8:52 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55938871
By: D Burton
Filed: 8/3/2021 8:52 AM

**2021-47169 / Court: 333**

CAUSE NO. _____

| | | |
|---|---|---|
| **RENU SHAH** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | \_\_\_\_ **JUDICIAL DISTRICT** |
| | § | |
| **KROGER TEXAS L.P.** | § | |
| *Defendant.* | § | |
| | § | **HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, RENU SHAH, hereinafter called Plaintiff, complaining of and about KROGER TEXAS L.P., hereinafter called Defendant, and for cause of action show unto the Court the following:

#### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level II.

#### II. PARTIES AND SERVICE

2. Plaintiff, RENU SHAH, is an Individual whose address is 16919 Kaitlyn Kerria Ct., Richmond, Texas 77407.

3. Defendant, KROGER TEXAS L.P., is authorized to do business in the state of Texas. It may be served with process by serving its registered agent at the following address: 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of said Defendant can be effected by personal delivery.

**EXHIBIT A**

## III. JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over the parties because Defendant KROGER TEXAS L.P. purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6. Plaintiff would show that Defendant had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

7. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

8. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

9. On or about June 4, 2021, Plaintiff Renu Shah was walking through the Kroger market aisle when she slipped on a liquid in the middle of the aisle that was open and not visible from her standpoint. This happened inside the Kroger located at 6425 FM 1464, Richmond, Texas 77407. As a result, Plaintiff suffered serious bodily injuries.

10. At the time of the incident, Plaintiff was an invitee on the property. The property is owned, controlled, and/or managed by Defendant Kroger Texas L.P. Plaintiff received no warnings prior to the incident and was without fault. Plaintiff did not contribute to the incident in

question. Plaintiffs fall was proximately caused by the spilt egg or liquid which was under the control of Defendants and/or Defendant's agents, servants, employees and/or representatives, and/or individuals under the direction, control, or management of Defendant.

## V. PLAINTIFF'S CLAIM OF PREMISES LIABILITY AGAINST DEFENDANT

11. At all times mentioned herein, Defendant owed duties to Plaintiff, including but not limited to the following and, by various acts and omissions, breached these duties, each of which singularly or in combination, was a proximate cause of the occurrence in question and Plaintiff's injuries:

- A. In failing to maintain the pathways of the store aisle in a reasonably safe manner;
- B. In failing to warn Plaintiff Renu Shah of the dangerous condition;
- C. In permitting the aisle to remain in its dangerous state;
- D. In failing to make the dangerous condition safe;
- E. In failing to properly train, supervise, manage, and control its employees or agents responsible for the cleaning and maintenance of the aisle floors;
- F. In failing to properly supervise its employees;
- G. In failing to provide Plaintiff Renu Shah a safe place in which to walk; and
- H. In failing to properly and timely inspect the area.

12. At the time of the incident in question, plaintiff was an invitee in the defendant's premises. Plaintiff, Renu Shah, entered the premises of Kroger Texas L.P. with express or implied knowledge for the parties' mutual benefit because she was a customer shopping in the Kroger store for her groceries.

13. At the time of the incident in question, Defendant and its agents, servants,

employees and/or representatives, managed, possessed, controlled, and owned the premises in question where the incident took place. Defendant owed a duty to Plaintiff to prevent a foreseeable risk of injury and assumed a duty to provide safe premises. Defendant knew or should have known of the dangerous condition, taken corrective action in a timely manner and provided proper notice to employees and customers frequenting the area. Defendant failed to do so. Defendant's failure to exercise reasonable care proximately caused the incident in question and the resulting damages.

### VI. DAMAGES FOR PLAINTIFF RENU SHAH

14. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff RENU SHAH, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of over $1,000,000.00 but not more than $10,000,000.00:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, RENU SHAH for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in and around HARRIS County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Loss of earnings in the past;

F. Loss of earning capacity which will, in all probability, be incurred in the future;

G. Loss of Household Services in the past;

H. Loss of Household Services in the future;

I. Mental anguish in the past; and

**EXHIBIT A**

J. Mental anguish in the future.

## VII. DEMAND FOR TRIAL BY JURY

15. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, RENU SHAH, respectfully prays that the Defendant, KROGER TEXAS L.P., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Bergquist Law Firm

By: _____
**Harrison M. Nguyen**
Texas Bar No. 24121749
1333 West Loop S, Suite 1700
Houston, Texas 77027
Tel: (713) 655-8000
Fax: (713) 739-0000
hn@bergquistlawfirm.com
Attorney for Plaintiff
RENU SHAH

**EXHIBIT A**